UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GALE DAVIS,<br><br>                      Plaintiff,<br><br>-against-<br><br>CHESTER JAMES WALKER JR. (FATHER),<br><br>                      Defendant. | 23-CV-0713 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against the father of her child, invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated January 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Chester James Walker, Jr., the father of their minor child.[1] She invokes the Court's federal question jurisdiction, asserting that her "civil right as a mother" was violated.[2] (ECF 2, at 2.) She also asserts that her "right to be reinstated back to work after being fired for hate" was violated. (*Id.*) Plaintiff indicates that she resides in New York, New York, but that Defendant's "residence is refused to plaintiff." (*Id.* at 3.) Later in the complaint, however, Plaintiff alleges that Defendant resides in the Bronx, New York. (*Id.* at 11.)

In Plaintiff's statement of claim, she alleges that Defendant gained custody of Plaintiff's son in 2008 (*id.*), after the state courts found that Plaintiff was "unfit" and "sided toward the father" (*id.* at 11). She also alleges that she is

> not allow[ed] to see the son since September 2022 up until December 25, 2022 Christmas day why because the father punch the son in the son eye that the father sister Arlene Walker stuck a safety pin in the son eye Beacon Hospital in Jersey City network Harlem Hospital doctors did a malpractice treatment operation leaving the son with a glass eye now December 29, 2022 the eye is going blind the father does this every month beat the son for hospitalization to retain the son overall money and get more Law Sue money granted to the father by the courts the father hates and the son and the mother the father will kill the son for his overall money and the money that the courts keep awarding the father.

---

[1] Plaintiff includes the son's full name, which may be in violation of Rule 5.2 of the Federal Rules of Civil Procedure, which prohibits the full name of minors in publicly available records. Plaintiff does not state the age of her son. In an abundance of caution, the court's Clerk's Office restricted electronic access to the complaint to the parties of the action.

[2] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, and punctuation are as in the original.

(*Id.* at 12.) "Plaintiff wants the court to order plaintiff son medical and overall school money to plaintiff son not the father . . . [and] for plaintiff son to be release from that abusive back to the plaintiff with Legal AD present for plaintiff." (*Id.* at 6.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

#### 1. Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff asserts that her rights as a mother have been violated by Defendant, the father of her child. While parents do have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim against government actors to challenge a child's removal, *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011), Plaintiff brings this action against the *father* of her child, not a state actor responsible for the removal of her son.[3] The complaint therefore concerns a private dispute between two individuals, who *both* have a constitutional right to be with their son, but Plaintiff's claim itself does not implicate any of *her* constitutional rights.

As for Plaintiff's claim that her "right to be reinstated back to work" was violated, such a claim cannot be asserted against the father of her child. (ECF 2, at 2.) Moreover, because Plaintiff does not provide any facts to suggest a claim against a former employer, the Court cannot construe the complaint as asserting a federal claim regarding her work-related allegation. If Plaintiff seeks to bring a claim regarding her prior employment, she may file a new civil action asserting a claim against her former employer.

---

[3] Generally, the right to family integrity "'does not automatically override the sometimes competing' government interest in protecting children, [ ] particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 360 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)). Courts have held that a parent "has no right to be free from [New York City Administration for Children's Services (ACS)] investigation." *Watkins-El v. Dep' t of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016).

Accordingly, as the complaint does not suggest that Defendant violated any of Plaintiff's federal rights, the Court cannot exercise federal jurisdiction of her claims.

**B.      Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York, precluding complete diversity of citizenship. Moreover, Plaintiff does not seek damages in an amount that exceeds $75,000, but rather seeks injunctive relief. The Court therefore cannot exercise diversity jurisdiction of Plaintiff's claims either.

**C.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint cannot be cured with an amendment because the complaint does suggest a violation of any federal law, or show that the Court can exercise diversity jurisdiction of any claim against Defendant. The Court therefore declines to grant Plaintiff leave to amend her complaint. If Plaintiff seeks to bring a claim regarding her "right to be reinstated back to work" (ECF 2, at 2), she may bring a new civil action to assert such a claim against her former employer.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 3, 2023
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge